VICTOR A. VILAPLANA (CA BAR NO. 58535)
vavilaplana@foley.com
MARSHALL J. HOGAN (CA BAR NO. 286147)
mhogan@foley.com
**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
3579 VALLEY CENTRE DRIVE, SUITE 300
SAN DIEGO, CA 92130
TELEPHONE:  858.847.6700
FACSIMILE:  858.792.6773

PROPOSED ATTORNEYS FOR DEBTORS
AND DEBTORS-IN-POSSESSION

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| IN RE: | LEAD CASE NO. 16-05968-LT11 |
|---|---|
| SOTERA WIRELESS, INC., | CHAPTER 11 |
| DEBTOR. | (JOINT ADMINISTRATION REQUESTED) |
| | **FIRST DAY MOTION** |
| | **FIRST DAY MOTION OF DEBTORS FOR ORDER UNDER FED. R. BANKR. P. 1015 AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |

Sotera Wireless, Inc. ("Debtor") hereby moves (the "Motion") for entry of an order, under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing the joint administration of the Debtor's chapter 11 case with the chapter 11 case of Sotera Research, Inc. for procedural purposes only.  In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Thomas Watlington in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "First Day Declaration").

4822-3582-2648.4

| | | |
|---|---|---|
| 1 | DATE: SEPTEMBER 30, 2016 | FOLEY & LARDNER LLP |
| 2 | | |
| 3 | | BY: /S/ VICTOR A. VILAPLANA |
| 4 | | VICTOR A. VILAPLANA<br>ATTORNEYS FOR DEBTORS, SOTERA |
| 5 | | WIRELESS, INC. AND SOTERA RESEARCH, INC. |
| 6 | | |
| 7 | | |
| 8 | | |
| 9 | | |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

4822-3582-2648.4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On September 30, 2016 (the "Petition Date"), the Debtor and Sotera Research, Inc. (collectively "Debtors") filed voluntary petitions in this Court commencing cases (the "Chapter 11 Cases") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Chapter 11 Cases, is set forth in detail in the First Day Declaration and is fully incorporated herein by reference.

The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been requested in the Chapter 11 Cases, and no committees have yet been appointed.

## III. RELIEF REQUESTED

By this Motion, Sotera Wireless seeks entry of an order, substantially in the form of **Exhibit A** in support of the Motion, pursuant to Bankruptcy Rule 1015, directing joint administration of the Chapter 11 Cases for procedural purposes only.

## IV. BASIS FOR RELIEF

Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. *See* Fed. R. Bankr. P. 1015(b)(4). Bankruptcy Code Section 101(2), in turn, defines the term "affiliate" in pertinent part, as:

3

4822-3582-2648.4

(A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

(B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . ;

(C) [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

(D) [an] entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

The Debtors in the Chapter 11 Cases are Sotera Wireless, Inc. ("Sotera") and its wholly-owned subsidiary Sotera Research, Inc. ("Sotera Research"). Sotera is the direct, sole owner of Sotera Research. As such, the Debtors are "affiliates" as that term is defined in Bankruptcy Code Section 101(2) and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Chapter 11 Cases is appropriate under Bankruptcy Rule 1015(b).

The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in the Chapter 11 Cases will affect both of the Debtors. The failure to jointly administer these two cases would result in two individual case dockets and, inevitably, would lead to numerous duplicative filings for each issue, which would then be served upon separate service lists. This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court and the Debtors.

Joint administration of the Chapter 11 Cases will save time and money and avoid duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed and (b) file the papers in one case rather than in multiple cases.

4822-3582-2648.4

Moreover, this Court will be relieved of the burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the office of the United States Trustee for the Southern District of California (the "U.S. Trustee") in supervising these bankruptcy cases.

Further, joint administration of the Chapter 11 Cases will permit the Clerk of the Court to use a single general docket for both of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in both of these cases.

The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it asserts a claim or right. Thus, all creditors will benefit from the reduced costs as a result of such joint administration. Further, the Guidelines for the Substantive Consolidation or Joint Administration of Related Debtor Entities (CSD 1514) issued by this Court (the "Guidelines") state that the joint administration of related debtor entities "does not affect creditors' rights" but is instead "done as a matter of convenience, a cost saving device."

Accordingly, the Debtors request that the official caption to be used by all parties on all pleadings and other filings in the jointly administered cases be as follows:

///

///

4822-3582-2648.4

| | |
|---|---|
| In re<br><br>SOTERA WIRELESS, INC.,<br><br>           Debtor. | Lead Case No. 16-05968-LT11<br><br>(Jointly Administered)<br><br>Chapter 11 |
| SOTERA WIRELESS, INC.,<br>        CASE NO. 16-05968-11<br>SOTERA RESEARCH, INC.,<br>        CASE NO. 16-05969-11<br>        Debtors. | |

      The above caption is modeled after the sample caption attached to the Guidelines. The Debtors submit that use of this simplified caption, without reference to their respective tax identification numbers and other detail specified by Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request. In addition, this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

      In addition, the Debtors request that the Court make a separate docket entry on the docket of Sotera Research, substantially as follows:

///

///

4822-3582-2648.4

> An order has been entered in this case providing for the joint administration of this case with the case of Sotera Wireless, Inc., Case No. 16-05968-LT11, for procedural purposes only in accordance with the terms thereof. The docket in Case No. 16-05968-LT11 should be consulted for all matters affecting this case.

In view of the fact that joint administration is a procedural matter only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an ex parte basis. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive rights.  Indeed, the relief requested herein is routinely granted. *See*, e.g., *In re Freedom Commc'ns,* Case No. 15-15311-MW (Bankr. C.D. Cal. Nov. 2, 2015); *In re The Standard Register Co.*, Case No. 15-10541 (BLS) (Bankr. D. Del. Mar. 13, 2015); *In re Energy Future Holdings Corp.*, Case No. 14-10979 (CSS) (Bankr. D. Del June 5, 2014); *In re Coldwater Creek Inc.*, Case No. 14-10867 (BLS) (Bankr. D. Del. Apr. 14, 2014).

For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors, and other parties in interest and, therefore, should be granted.

**V.     NOTICE**

Notice of this Motion will be given to: (a) the Office of the United States Trustee; (b) the creditors listed on each of the Debtors' lists of twenty largest unsecured creditors; (c) the Debtors' purported secured creditors. The Debtors submit that, under the circumstances, no other or further notice is required.

///

7

## VI. CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

DATE: SEPTEMBER 30, 2016               FOLEY & LARDNER LLP


                                       BY: /S/ VICTOR A. VILAPLANA
                                           VICTOR A. VILAPLANA
                                       ATTORNEYS FOR DEBTORS, SOTERA
                                       WIRELESS, INC. AND SOTERA RESEARCH,
                                       INC.

8

4822-3582-2648.4

Exhibit A

**CSD 1001A** [11/15/04]
Name, Address, Telephone No. & I.D. No.

Victor A. Vilaplana (CA Bar No. 58535) vavilaplana@foley.com
Marshall J. Hogan (CA Bar No. 286147) mhogan@foley.com
FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA 92130
858-847-6700 / 858-792-6773 - Fax
Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.

SOTERA WIRELESS, INC.

Debtor.

BANKRUPTCY NO. 16-05968-LT11
(Joint Administration Requested)

Date of Hearing:
Time of Hearing:
Name of Judge: Hon. Laura S. Taylor

# ORDER UNDER FED. R. BANKR. P. 1015 AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES

**IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through 3 with exhibits, if any, for a total of 3 pages, is granted. Motion/Application Docket Entry No. _____

//
//
//
//
//
//

DATED: _____

Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the relief
granted by the court.

Submitted by:

FOLEY & LARDNER LLP
(Firm name)

By: /s/ Victor A. Vilaplana
    Attorney for ☒ Movant ☐ Respondent

CSD 1001A
4820-7303-1224.2
Exhibit A
000009
American LegalNet, Inc.
www.USCourtForms.com

`CSD 1001A` [11/15/04] **(Page 2)**                                    Exhibit A
ORDER UNDER FED. R. BANKR. P. 1015 AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES
DEBTOR: SOTERA WIRELESS, INC.                                          CASE NO: 16-05968-LT11

---

Upon the motion (the "Motion")[1] of the Debtor for an order, under Bankruptcy Rule 1015, authorizing the joint administration of their Chapter 11 Cases; and the Court having reviewed the Motion and the First Day Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the Guidelines for the Substantive Consolidation or Joint Administration of Related Debtor Entities for the United States Bankruptcy Court for the Southern District of California dated as of April 28, 1996 (the "Guidelines"); and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Sotera Wireless, Inc., Case No. 16-05968-LT11 and Sotera Research, Inc., Case No. 16-05969-CL11 are consolidated for procedural purposes only and shall be administered jointly under Case No. 16-05968-LT11 in accordance with the provisions of Bankruptcy Rule 1015. Any deviation from the procedures set forth in this order shall be permitted only by order of this court.

3. A combined service list shall be used for the cases and combined notices will be sent to the creditors of the estates.

4. In accordance with the Guidelines, the caption of pleadings and other documents filed in the jointly administered cases shall be substantially the same as that appearing on the sample caption page attached hereto as Exhibit 1.

5. The caption set forth in Exhibit 1 shall be deemed to satisfy any applicable requirements of Bankruptcy Code Section 342(c) and Bankruptcy Rule 2002(n).

6. All pleadings and other documents to be filed in the jointly administered cases shall be filed and docketed in the case of Sotera Wireless, Inc., Case No. 16-05968-LT11.

7. A docket entry shall be made in the chapter 11 case of Sotera Research, Inc., substantially as follows:

> An order has been entered in this case consolidating this case with the case of Sotera Wireless, Inc., Case No. 16-05968-LT11, for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 16-05968-LT11 should be consulted for all matters affecting this case.

8. Two separate claims registers shall continue to be maintained for each chapter 11 case. Any creditor filing a proof of claim against either of the Debtors shall clearly assert such claim against the particular Debtor obligated on such claim and not against the jointly administered Debtors, except as otherwise provided in any other order of this Court.

9. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting the substantive consolidation of the Chapter 11 Cases.

10. This Order shall take effect immediately upon entry.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

`CSD 1001A`
4820-7303-1224.2                            Exhibit A

Exhibit A

Exhibit 1

1  NAME OF COUNSEL, STATE BAR NO.
   FIRM NAME, IF ANY
2  STREET ADDRESS
   POST OFFICE BOX, IF ANY
3  AREA CODE AND PHONE NO.
4
5  REPRESENTATION OF PARTY IN INTEREST
6
7
8             **UNITED STATES BANKRUPTCY COURT**
              **SOUTHERN DISTRICT OF CALIFORNIA**
9
10 IN RE:                              | LEAD CASE NO. 16-05968-LT11
11 SOTERA WIRELESS, INC.,              | CHAPTER 11
12          DEBTOR.                    | (JOINTLY ADMINISTERED)
13                                     | **TITLE OF DOCUMENT**
   SOTERA WIRELESS, INC.,
14     CASE NO. 16-05968-11
15 SOTERA RESEARCH, INC.,
16     CASE NO. 16-05969-11
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 1

4822-0850-3097.1