1  VICTOR A. VILAPLANA (CA BAR NO. 58535)
   vavilaplana@foley.com
2  MARSHALL J. HOGAN (CA BAR NO. 286147)
   mhogan@foley.com
3  **FOLEY & LARDNER LLP**
   ATTORNEYS AT LAW
4  3579 VALLEY CENTRE DRIVE, SUITE 300
   SAN DIEGO, CA 92130
5  TELEPHONE:  858.847.6700
   FACSIMILE:  858.792.6773
6

7  PROPOSED ATTORNEYS FOR DEBTORS
   AND DEBTORS-IN-POSSESSION
8
                 **UNITED STATES BANKRUPTCY COURT**
9
                  **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| IN RE: | LEAD CASE NO.  16-05968-LT11 |
| SOTERA WIRELESS, INC., | CHAPTER 11 |
| DEBTOR. | (JOINT ADMINISTRATION REQUESTED) |
| | **FIRST DAY MOTION** |
| SOTERA WIRELESS, INC., | **FIRST DAY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND SETTING FINAL HEARING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| CASE NO. 16-05968-11 | |
| SOTERA RESEARCH, INC., | |
| CASE NO. 16-05969-11 | |
| | **DATE:   OCTOBER 4, 2016** |
| | **TIME:   3:00 P.M.** |
| | **DEPT:   3** |
| | **JUDGE:   LAURA S. TAYLOR** |

23      TO THE HONORABLE LAURA S. TAYLOR UNITED STATES

24  BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE,

25  AND ALL OTHER PARTIES IN INTEREST:

26          The debtors and debtors-in-possession in the above-captioned case (the

27  "Debtors"), hereby move (the "Motion"), pursuant to sections 105(a), 361, 362,

28  363 and 364 of title 11 of the United States Code, as amended (the "Bankruptcy

4830-5503-4423.7

Code"), Rules 2002, 4001, 9013 and 9014 of the Federal Rules of Bankruptcy Procedure, as amended (the "Bankruptcy Rules"), and Rules 9013 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Southern District of California (the "Local Bankruptcy Rules"), on an emergency basis, for the entry of interim and final orders (respectively, the "Interim Order" (attached hereto as **Exhibit A**) and the "Final Order," collectively, the "Cash Collateral Orders"): (i) authorizing Debtors to use funds that may constitute "cash collateral" as defined in Bankruptcy Code section 363(a) ("Cash Collateral") for payment of costs and expenses incurred in the ordinary course of Debtors' business and the management of their assets in accordance with the Budget (as defined below), substantially in the form filed in support of the Motion as **Exhibit B**; (ii) providing adequate protection to the Prepetition Lenders (as defined below) for any diminution in value of their interests in the Prepetition Collateral (as defined below), including Cash Collateral; (iii) scheduling a final hearing ("Final Hearing") to consider the relief requested in the Motion and approving the form of notice with respect to the Final Hearing; and (iv) granting related relief.

## I.   SUMMARY OF RELIEF REQUESTED

In accordance with Bankruptcy Rule 4001(b)(1)(B), the Debtors provide the following summary of the proposed use of Cash Collateral[1]:

   a.   Parties with Interest in Cash Collateral: The parties with an interest in the Cash Collateral are the Debtors and the Prepetition Lenders.  The

---

[1] This summary is qualified in its entirety by the terms of the Interim Order (attached hereto as Exhibit A in proposed form) and the Final Order.  Capitalized terms not previously defined or defined in this summary shall have the meanings ascribed to them in the Memorandum of Points and Authorities.

Appendix D2 of the Local Bankruptcy Rules requires that motions for use of cash collateral and/or post-petition financing identify whether certain provisions (e.g., cross-collateralization clauses, waivers of rights under 11 U.S.C. § 506(c)) are contained in the cash collateral/debtor-in-possession financing arrangements.  By signing this Motion, the undersigned attorney certifies that the Debtors' request for an order approving cash collateral does not include any of the provisions listed in checklist form in Appendix D2 of the Local Bankruptcy Rules.

Cash Collateral is held in the Debtor Bank Accounts, as discussed in the accompanying Memorandum of Points and Authorities.

b. <u>Use of Cash Collateral</u>:  The Debtors are seeking authorization to use Cash Collateral for working capital and other general purposes in the ordinary course of their businesses, including general administration costs, salaries, rent, purchase of goods and other expenses incurred in the  chapter 11 cases (not including professional fees) (the "<u>Cases</u>") in accordance with the terms of the Cash Collateral Orders and Budget.

c. <u>Budget</u>:  The use of Cash Collateral will be solely for the purposes of funding the types and corresponding amounts of itemized expenditures contained in the Budget.

d. <u>Prepetition Liens</u>: The Prepetition Liens on the Prepetition Collateral shall remain in place.

e. <u>Prepetition Lender Replacement and Additional Liens</u>:  As adequate protection, the Debtors will grant replacement liens to the Prepetition Lenders on all property and assets of the Debtors, and all proceeds, rents, or profits thereof, that were subject to the Prepetition Liens (the "<u>Adequate Protection Liens</u>"), to secure an amount of the Prepetition Obligations equal to the aggregate diminution in the Prepetition Collateral occurring from and after the Petition Date, including without limitation, such diminution resulting from use of Cash Collateral, pursuant to 11 U.S.C. § 361(2) ("<u>Replacement Liens</u>").

f. <u>Prepetition Lender 507(b) Priority Claims</u>: As additional adequate protection, to the extent that the aggregate diminution in value of the Prepetition Lenders' interests in the Prepetition Collateral from and after the Petition Date, including, without limitation, resulting from the use of Cash Collateral reduces the value of the Adequate Protection Liens below the outstanding balance of the Prepetition

Obligations, then the Prepetition Lenders will be granted, to the extent of the net decrease, superpriority claims under Bankruptcy Code section 507(b) (the "<u>Superpriority Claim</u>"), and the Superpriority Claim shall have priority in payment over any and all administrative expense claims of any kind under the Bankruptcy Code.

g.    <u>Reporting</u>:  On Wednesday of each week, commencing on the first Wednesday after an order approving this Motion (whether on an interim or final basis) is first entered, the Debtors shall provide the Prepetition Lenders with an updated rolling 13-week cash flow statement which shall include a variance report comparing actual cash flow results for all applicable prior periods to the forecasted cash flow results for such periods, a statement of any weekly or cumulative variances in any line item for receipts or disbursements and any necessary amendments to the Budget. The Debtors shall also continue to timely provide the Prepetition Lenders with the financial reports required to be provided under the Prepetition Credit Agreement (as defined below).

This Motion is based on the accompanying Memorandum of Points and Authorities, the First Day Declaration of Thomas Watlington in Support of Voluntary Petition and First Day Motions (the "<u>First Day Declaration</u>"), the arguments and statements of counsel to be made at the hearing on the Motion, all filings in this case, and other admissible evidence properly brought before the Court.

WHEREFORE, the Debtors respectfully request that the Court:

1.    grant the relief requested in the Motion on an interim basis;

2.    enter an Interim Order in substantially the same form as the order filed in support of this Motion as **Exhibit A**;

///

4

4830-5503-4423.7

3.    schedule a final hearing on the Motion to consider entry of a Final Order granting the relief requested in the Motion on a final basis; and

4.    grant such further relief as the Court deems just and proper.

DATE:  SEPTEMBER 30, 2016                    FOLEY & LARDNER LLP


BY: /s/ VICTOR A. VILAPLANA
           VICTOR A. VILAPLANA
PROPOSED ATTORNEYS FOR DEBTORS,
SOTERA WIRELESS, INC. AND SOTERA
RESEARCH, INC.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    JURISDICTION AND VENUE**

This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2)(D), (M).  Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

**II.    STATEMENT OF FACTS**

**A.    General Background.**

On September 30, 2016 (the "Petition Date"), the Debtors filed voluntary petitions in this Court commencing cases for relief under Chapter 11 of the Bankruptcy Code.  The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of the Cases, is set forth in detail in the First Day Declaration.

The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.  No trustee or examiner has been requested in the Cases, and no committees have yet been appointed.

Simultaneously with the filing of this pleading, the Debtors have filed a motion with this Court pursuant to Bankruptcy Rule 1015(b) seeking joint administration of the Debtors' estates.

**B.    The Debtors' Secured Prepetition Indebtedness.**

Debtors are parties to an Amended and Restated Loan and Security Agreement with Silicon Valley Bank  ("SVB") and Oxford Finance LLC, a Delaware limited liability company ("Oxford") (the "Prepetition Lenders"), on September 12, 2014 ("Prepetition Loan Agreement"; together with all other related documents, the "Prepetition Loan Documents") pursuant to which the Prepetition Lenders provided loans to Sotera Wireless, Inc. ("Sotera") as Borrower and Sotera Research, Inc. as Guarantor ("Prepetition Loans").

As of the Petition Date, the principal amount outstanding under the Prepetition Loan Documents was just less than $13.1 million (together with any accrued and unpaid interest, fees, or expenses, the "Prepetition Obligations").

To secure the Prepetition Obligations and pursuant to the Prepetition Loan Documents, Debtors granted to the Prepetition Lenders security interests in and liens on substantially all assets (the "Prepetition Liens") and all proceeds and products of the Debtors (the "Prepetition Collateral"), except, notwithstanding the foregoing, the Prepetition Collateral does not include intellectual property of the Debtors (the "Intellectual Property"); however, the Prepetition Collateral includes all proceeds of the Intellectual Property.

### C.    The Cash Collateral Accounts.

The Cash Collateral existing as of the Petition Date is deposited in the following bank accounts held by debtor Sotera Wireless, Inc. (the "Cash Collateral Accounts"):

- $372,244 in a checking account held at SVB;
- $49,093 in an investment account at Silicon Valley Bank Asset Management, an affiliate of SVB;
- $ 2,004,507 in a money market account with MUFG Union Bank, NA ("Union Bank").

Oxford, as collateral agent and itself, and SVB claim security interests in the accounts held at SVB to secure the Prepetition Loans.

Oxford, as itself only, claims a security interest in the account held at Union Bank identified above.  For purposes of this Motion only, Debtors do not dispute that SVB and/or Oxford have perfected and enforceable security interests in the Cash Collateral Accounts.

### D.    The Debtors' Immediate Need for Access to Cash Collateral.

The Debtors have an immediate need for access to Cash Collateral, and if they do not obtain swift authorization to use the Cash Collateral, the Debtors will

suffer immediate and irreparable harm. Without the use of the Cash Collateral, the Debtors will not have the liquidity to continue to operate their business and successfully market and sell its assets. The Debtors urgently need funds to make payroll, capital expenditures and other expenditures that are critical to their continued viability and ability to sell their assets or recapitalize. In addition, as hospitals and patient care centers rely on the Debtors' products, if the Debtors are not permitted to use the Cash Collateral, patient care may be adversely affected to the harm of patients of the Debtors' customers who rely on the Debtors' products.

The preservation of the Debtors' business and the Debtors' ability to successfully sell their assets as a going concern depend heavily upon the expeditious approval of the use of Cash Collateral for general working capital purposes. Absent this Court's approval of the interim relief sought in the Cash Collateral Motion, the Debtors face a substantial risk of severe disruption to their business operations and irreparable damage to their relationships with their vendors and customers.

### E.      The Prepetition Lenders Are Adequately Protected.

Based on the Budget, as of the Petition Date, the Debtors' total cash on hand in the U.S. totaled approximately $2.4 million, which the Debtors estimate is sufficient for approximately three months of operations at reduced operating levels. The Budget reflects a wide array of reductions and cuts in spending to allow for the Debtors to operate at minimal cost while continuing to produce its high quality products without compromising customer service and product quality.

The majority of the Debtors' assets purportedly are encumbered by the Prepetition Liens. Therefore, it would be impossible to operate the Debtors' businesses and administer the Cases absent authorization to use the Cash Collateral. Unless this Court authorizes the use of the Cash Collateral, the Debtors' operations would likely cease, resulting in adverse effects on the value of the Debtors' estates to the severe detriment to all stakeholders, including the Debtors'

3

hospital customers and their patients, and the Debtors' employees whose employment would be terminated in the event the Debtors are unable to use the Cash Collateral, as well as the Prepetition Lenders themselves.

## III.   LEGAL ANALYSIS

### A.   The Debtor Should Be Authorized to Use Cash Collateral to Operate and Maintain its Business and Preserve its Assets in Accordance with the Budget.

#### 1.   Use of the Cash Collateral is Necessary to Preserve Value for the Estate.

The Debtor's use of property of the estate is governed by Bankruptcy Code section 363.  Section 363(c)(1) provides in pertinent part:

> If the business of the debtor is authorized to be operated under section. . .1108. . . of this title and unless the court orders otherwise, the trustee may enter into transactions, including the sale or lease of property of the estate, in the ordinary course of business, without notice or a hearing, and may use property of the estate in the ordinary course of business without notice or a hearing.

11 U.S.C. § 363(c)(1).  A debtor-in-possession has all of the rights and powers of a trustee with respect to property of the estate, including the right to use property of the estate in compliance with Section 363.  11 U.S.C. § 1107(a).

"Cash collateral" is defined as "cash, negotiable instruments, documents of title, securities, deposit accounts or other cash equivalents in which the estate and an entity other than the estate have an interest [.]" 11 U.S.C. § 363(a).  Section 363(c)(2) establishes a special requirement with respect to "cash collateral," providing that the trustee or debtor in possession may use "cash collateral" under subsection (c)(1) if:

///

(A)    each entity that has an interest in such cash

collateral consents; or

(B)    the court, after notice and a hearing, authorizes

such use, sale or lease in accordance with the provisions

of this section.

11 U. S.C. § 363(c)(2)(A) and (B).

It is well settled that it is appropriate for a Chapter 11 debtor to use cash collateral for the purpose of maintaining and operating its property.  11 U.S.C. § 363(c)(2)(B); *In re Oak Glen R-Vee*, 8 B.R. 213, 216 (Bankr. C.D. Cal. 1981); *In re Tucson Industrial Partners*, 129 B.R. 614 (B.A.P. 9th Cir. 1991).  In addition, where the debtor is operating a business, it is extremely important that the access to cash collateral be allowed in order to facilitate the goal of reorganization: "the purpose of Chapter 11 is to rehabilitate debtors and generally access to cash collateral is necessary to operate a business."  *In re Dynaco Corporation*, 162 B.R. 389 (Bankr. D.N.H. 1993), quoting *In re Stein*, 19 B.R. 458, 459. (Bankr. E.D. Pa. 1982).

The Cash Collateral which the Debtors seek use by this Motion are (i) approximately $2.4 million cash held in the Cash Collateral Accounts, and (ii) the cash proceeds which are received post-petition.  The Debtors' request for use of Cash Collateral is limited to budgeted expenses reasonably calculated to maximize the value of the Debtors' assets.  In particular, the Debtors have prepared a budget, a copy of which is filed concurrently herewith as **Exhibit B** (the "Budget"), which shows, inter alia, the Debtors' forecasted receipts and disbursements from the Petition Date through December 23, 2016. Under the Budget, the Debtors intend to use Cash Collateral, among other things, (i) to pay (a) payroll expenses, (b) post-petition trade amounts and (c) various limited prepetition claims that are the subject of other motions filed concurrently herewith and as may be authorized by the Court; (ii) for working capital to fund critical

4830-5503-4423.7

business operations conducted by the Debtors; and (iii) for other general corporate purposes.

Absent the entry of an Order permitting the Debtors to use Cash Collateral to pay disbursements under the Budget, the Debtors will have insufficient funds available to operate their businesses, administer this Case, and sell their assets as a going concern.

Therefore, the terms and conditions of the Debtors' use of the Cash Collateral (including the provision of adequate protection described in this Motion and as discussed below) are appropriate and reasonable and this Motion should be granted.

2.    The Prepetition Secured Creditors' Interests Are Adequately Protected.

Section 363(e) of the Bankruptcy Code provides that, "on request of an entity that has an interest in property used . . . or proposed to be used by a debtor in possession, the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Section 361 of the Bankruptcy Code delineates the forms of adequate protection, which include periodic cash payments, additional liens, replacement liens and other forms of relief. 11 U.S.C. § 361.

Adequate protection can be provided in various forms. *See e.g., In re Continental Airlines, Inc.*, 154 B.R. 176, 180-181 (Bankr. D. Del. 1993) (courts have discretion to in determining what form of adequate protection to grant). Although the Bankruptcy Code does not define the term "adequate protection," it provides a non-exhaustive list of types of adequate protection, including lump sum or periodic cash payments, replacement liens, administrative priority claims and "other relief" resulting in the "indubitable equivalent" of the secured creditor's interest in such property. *See* 11 U.S.C. § 361. What constitutes adequate protection is determined on a case-by-case basis. *See e.g., MNBank Dallas, N.A.*

*v. O'Connor (In re O'Connor)*, 808 F.2d 1393, 1396–97 (10th Cir. 1987); *In re George Ruggiere Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984) (recognizing that there must be "an individual determination" of whether a secured creditor's interest in cash collateral is adequately protected).

Courts recognize that the preservation of the going concern value of secured lenders' collateral constitutes adequate protection of such secured lenders' interest in such collateral. *See, e.g., In re Wrecclesham Grange, Inc.*, 221 B.R. 978, 981 (Bankr. M.D. Fla. 1997) ("as long as the debtor generates a continuous income stream, the debtor's use of the rental income does not diminish the value of the collateral."); *In re Cardinal Indus. Inc.*, 118 B.R. 971, 981 (Bankr. S.D. Ohio 1990) (ruling that secured lenders were adequately protected by debtor's use of funds to maintain and manage encumbered properties).

In this case, the interests of the prepetition secured parties are adequately protected. The Prepetition Liens in the Cash Collateral are adequately protected because the Prepetition Lenders have a substantial equity cushion in the assets of the Debtor that are worth significantly more than the approximately $13.1 million secured by the Prepetition Liens. Late in 2015, the Debtor's business was appraised by SVB Analytics, a division of SVB, in connection with stock option valuations and the equity value of the Debtors was appraised at $98 million. In addition, just prior to the Petition Date, the Debtors received two term sheets for the purchase of the Debtors' business for approximately $30-52 million. In addition, the Debtors propose to provide the Prepetition Lenders with valid and automatically perfected Replacement Liens pursuant to 11 U.S.C. § 361(2), in the Debtors' assets to the same extent, validity, and priority of the Prepetition Liens in the Prepetition Collateral. Moreover, the Debtors' use of the Cash Collateral will be limited to the amounts set forth in the Budget, to maintain insurance on the Prepetition Collateral to the same extent as existed prepetition, and to grant the

///

Prepetition Lenders Superpriority Claims to the extent there is a failure of the other forms of adequate protection provided for in this Motion.

The Debtors submit that the foregoing protections, as well as the fact that the use of Cash Collateral will enable the Debtors to preserve value by maintaining their properties and business, adequately protect the Prepetition Lenders' security interests from any diminution in value.  Hence, the Debtors' requested use of Cash Collateral and the protections afforded the Prepetition Lenders are reasonable and appropriate under the circumstances.

**B.**     **Approval of the Interim Order Should be Granted, and a Final Hearing Set on Approval of the Final Order.**

Bankruptcy Rules 4001(b) and (c) provide that a final hearing on a motion to use cash collateral or obtain credit, respectively, may not be commenced earlier than fourteen (14) days after the service of such motion.  Upon request, however, the Court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of cash collateral (and the obtaining of credit, if applicable) to the extent necessary to avoid immediate and irreparable harm to a debtor's estate pending a final hearing.

In this case, pursuant to Bankruptcy Rules 4001(b) and (c), the Debtors request that the Court conduct an expedited preliminary hearing on this Motion and (i) authorize the Debtors to use Cash Collateral pursuant to the Interim Order in order to maintain the ongoing business operations of the Debtors and avoid immediate and irreparable harm and prejudice to the Debtors' estates and stakeholders, and (ii) schedule the Final Hearing, at which time final approval of the use of Cash Collateral pursuant to the Final Order will be sought.

**IV.**    <u>**WAIVER OF ANY APPLICABLE STAY IS APPROPRIATE**</u>

For the reasons noted herein, the Debtors will suffer immediate and irreparable harm if they are not able to pay the expenses set forth in the Budget, pending the Final Hearing.  The Debtors request the terms of the Interim Order to

8

become immediately effective to ensure that the Debtors will be able to use the Cash Collateral to pay critical expenses.  Based on the foregoing, the Debtors request that any applicable stay, including the stay provided under Federal Rule 6004, be waived to allow the Interim Order to become immediately effective.

## V.    NOTICE

The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of California (b) all purported secured parties, including the Prepetition Lenders; (c) the creditors listed on each of the Debtors' lists of their twenty largest unsecured creditors; and (d) any parties requesting special notice in accordance with Bankruptcy Rule 2002.  The Debtors submit that such notice is sufficient and that no other or further notice be given.

## VI.   CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court (a) grant the relief requested in the Motion on an interim basis; (b) enter an Interim Order in substantially the same form as the order filed in support of the Motion as Exhibit A; (c) schedule a final hearing on the Motion to consider entry of a Final Order granting the relief requested in the Motion on a final basis; and (d) grant such further relief as the Court deems just and proper.


DATE:  SEPTEMBER 30, 2016                    FOLEY & LARDNER LLP


BY: /s/ VICTOR A. VILAPLANA
      VICTOR A. VILAPLANA
PROPOSED ATTORNEYS FOR DEBTORS,
SOTERA WIRELESS, INC. AND SOTERA
RESEARCH, INC.

9

Exhibit A

# EXHIBIT A

Exhibit A

CSD 1001A [11/15/04]
Name, Address, Telephone No. & I.D. No.
Victor A. Vilaplana (CA Bar No. 58535) vavilaplana@foley.com
Marshall J. Hogan (CA Bar No. 286147) mhogan@foley.com
FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
858-847-6700 / 858-792-6773 - Fax
Proposed Attorneys for Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.
SOTERA WIRELESS, INC., et al.

SOTERA WIRELESS, INC.,
            CASE NO. 16-05968-11

SOTERA RESEARCH, INC.,
            CASE NO. 16-05969-11
                                                    Debtor.

BANKRUPTCY NO. 16-05968-LT11

(Joint Administration Requested)

Date of Hearing: October 4, 2016
Time of Hearing: 3:00 p.m.
Name of Judge: Hon. Laura S. Taylor

## ORDER ON FIRST DAY MOTION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363

        **IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through

3 with exhibits, if any, for a total of 3 pages, is granted. Motion/Application Docket Entry No. _____

//

//

//

//

//

//

DATED: _____

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the relief
granted by the court.

Submitted by:

FOLEY & LARDNER LLP
_____
 (Firm name)

By:  /s/  Victor A. Vilaplana
_____
        Attorney for ☒ Movant ☐ Respondent

CSD 1001A
4838-9573-2279.3

American LegalNet, Inc.
www.USCourtForms.com

CSD 1001A [11/15/04] (Page 2)

ORDER ON DEBTOR'S MOTION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363

DEBTOR: In re SOTERA WIRELESS, INC., et al.                    CASE NO: 16-05968-LT11

---

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order, pursuant to section 363 of the Bankruptcy Code, authorizing the Debtors to use Cash Collateral necessary for the Debtors to operate their business, as set forth in greater detail in the Motion [Dkt. No. ____]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and all other parties in interest and a valid exercise of the Debtors' business judgment; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"), and the Court having considered the Motion, all pleadings and papers filed in connection with the Motion and the Memorandum of Points and Authorities filed in support thereof; and no opposition having been filed; and the arguments of counsel and evidence proffered at the hearing on the Motion; after due deliberation and sufficient cause appearing therefor,

IT IS HEREBY FOUND, AND CONCLUDED that:

A.      On September 30, 2016 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property, and operating and managing their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases are being jointly administered.

B.      The Debtors provided notice of the Motion and the continued hearings on this Motion to: (a) the Office of the United States Trustee for the Southern District of California (b) all purported secured parties, including the Prepetition Lenders; (c) the creditors listed on each of the Debtors' lists of twenty largest unsecured creditors; and (d) any parties requesting special notice in accordance with Bankruptcy Rule 2002.  Such notice constitutes due and appropriate notice under the circumstances and complies with all applicable Bankruptcy Rules, including Rule 4001(c), and all applicable local rules.  No further notice of the relief sought is necessary or required.

C.      The relief requested by the Motion is necessary to avoid harm to the Debtors' estates, and good, adequate, and sufficient cause has been shown to justify the granting of the relief requested herein and the entry of this Order.

D.      The Debtors do not have sufficient available resources of working capital and financing to carry on operations without the use of Cash Collateral (as defined below). The Debtors have need for authorization of the use of Cash Collateral (as defined below) to permit, among other things, the Debtors to continue their business operations in an orderly manner, maintain business relationships, and satisfy other working-capital and operational needs.

E.      This Court concludes that entry of this Order is in the best interests of the Debtors' creditors and their estate because its implementation, among other things, will allow for the Debtors to remain in business by providing the working capital necessary to sustain ongoing working-capital requirements and to partially fund the expenses of this chapter 11 case. Absent the entry of this Order, the Debtors' estates would be immediately and irreparably harmed.

F.      Each of the foregoing findings by this Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings, and will be deemed a conclusion of law if and to the full extent that it makes and contains legal conclusions.

Based upon the foregoing findings and conclusions, and upon the record made by the Debtors before this Court at the hearing on the Motion, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED AND ADJUDGED that:

1.      The Motion is granted on an interim basis, subject to the terms and conditions set forth in this Order and the Final Order.

2.      The Debtor is authorized to use Cash Collateral in accordance with the Budget during the period of time from the date of entry of this Order to the date of entry of a final order on the Motion.

CSD 1001A
4838-9573-2279.3

American LegalNet, Inc.
www.USCourtForms.com

Exhibit A

`CSD 1001A` [11/15/04] **(Page** 3**)**

ORDER ON DEBTOR'S MOTION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363

DEBTOR: In re SOTERA WIRELESS, INC., et al.                  CASE NO: 16-05968-LT11

3.      A final hearing on the Motion is set for _____, 2016 at ___:00 __.m.

4.      For the purposes of this order only, without prejudice to any subsequent challenge, all security interests asserted in the Cash Collateral are adequately protected pursuant to section 361 of the Bankruptcy Code.

5.      This Court shall retain jurisdiction to enforce this Order and over any matters or disputes arising from or relating to the implementation of this Order.

6.      Bankruptcy Rule 6003(b) is satisfied and relief is proper because the relief described in this Order is necessary to avoid immediate and irreparable harm to the estate.

7.      The stay of this Order set forth in Bankruptcy Rule 6004 is hereby waived and this Order shall be effective immediately upon its entry

American LegalNet, Inc.
www.USCourtForms.com

Exhibit A                  000013

Exhibit B

# EXHIBIT B

Exhibit B

**Sotera Wireless - Chapter 11 Budget**
*$ thousands*

| | BK filing 9/30/2016 | 10/7/2016 | 10/14/2016 | 10/21/2016 | 10/28/2016 | 11/4/2016 | 11/11/2016 | 11/18/2016 | 11/25/2016 | 12/2/2016 | 12/9/2016 | 12/16/2016 | 12/23/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts** | | | | | | | | | | | | | |
| Customer collections | 140 | 348 | 24 | 32 | 19 | 124 | 186 | 20 | 20 | 21 | 21 | 22 | 22 |
| Military contract reimbursements | 42 | - | - | - | 35 | - | - | - | 35 | - | - | - | 35 |
| Insurance claims | - | - | - | 127 | - | - | - | - | - | - | - | - | - |
| Subtotal | 182 | 348 | 24 | 159 | 54 | 124 | 186 | 20 | 55 | 21 | 21 | 22 | 57 |
| **Disbursements - Fixed/Semi-Fixed** | | | | | | | | | | | | | |
| Payroll | (508) | - | (477) | - | (340) | - | (325) | - | - | (320) | - | (310) | - |
| Retention bonus program | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Principal repayments | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Interest | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Rent/utilities | (97) | - | - | - | (81) | - | - | - | (81) | - | - | - | (81) |
| Singapore funding | - | - | (20) | - | - | - | (20) | - | - | - | (20) | - | - |
| Subtotal | (605) | - | (497) | - | (421) | - | (345) | - | (81) | (320) | (20) | (310) | (81) |
| **Disbursements - Variable** | | | | | | | | | | | | | |
| Legal fees | - | - | - | - | (8) | - | - | - | (8) | - | - | - | (8) |
| Inventory buys | (52) | (119) | (87) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) | (25) |
| Extension licenses | - | - | - | - | - | - | - | - | - | - | - | - | - |
| Outside programmers | - | - | (5) | - | (5) | - | (5) | - | (5) | - | (5) | - | (5) |
| Clinical consultants | (10) | (10) | (10) | (8) | (8) | (8) | (8) | (7) | (7) | (6) | (6) | (6) | (6) |
| Consultants | - | - | - | - | - | - | - | - | - | - | - | - | - |
| T&E | (20) | (15) | (15) | (12) | (12) | (10) | (10) | (10) | (10) | (10) | (10) | (10) | (10) |
| Lease payments | (12) | - | - | - | (12) | - | - | - | (12) | - | - | - | (12) |
| Other | - | - | (14) | (14) | (14) | (14) | (14) | (14) | (14) | (14) | (14) | (14) | (14) |
| Subtotal | (94) | (144) | (131) | (59) | (84) | (57) | (62) | (56) | (81) | (55) | (60) | (55) | (80) |
| **Net cash (outflow)inflow** | (517) | 204 | (604) | 100 | (451) | 67 | (221) | (36) | (107) | (354) | (59) | (343) | (104) |
| Beginning cash | 2,426 | 1,909 | 2,113 | 1,509 | 1,609 | 1,157 | 1,224 | 1,004 | 968 | 861 | 507 | 448 | 105 |
| Ending cash | 1,909 | 2,113 | 1,509 | 1,609 | 1,157 | 1,224 | 1,004 | 968 | 861 | 507 | 448 | 105 | 1 |

Exhibit B