```
CSD 1001A [11/15/04]
Name, Address, Telephone No. & I.D. No.
```
Victor A. Vilaplana (CA Bar No. 58535) vavilaplana@foley.com
Marshall J. Hogan (CA Bar No. 286147) mhogan@foley.com
FOLEY & LARDNER LLP
3579 Valley Centre Drive, Suite 300
San Diego, CA  92130
858-847-6700 / 858-792-6773 - Fax
Proposed Attorneys for Debtors and Debtors-in-Possession

Order Entered on October 7, 2016
by Clerk U.S. Bankruptcy Court
Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In Re.
SOTERA WIRELESS, INC., et al.

SOTERA WIRELESS, INC.,
          CASE NO. 16-05968-11

SOTERA RESEARCH, INC.,
          CASE NO. 16-05969-11
                                                    Debtor.

BANKRUPTCY NO. 16-05968-LT11

(Joint Administration Requested)

Date of Hearing: October 4, 2016
Time of Hearing: 3:00 p.m.
Name of Judge: Hon. Laura S. Taylor

# INTERIM ORDER ON FIRST DAY MOTION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363

**IT IS ORDERED THAT** the relief sought as set forth on the continuation pages attached and numbered two (2) through 4 with exhibits, if any, for a total of 4 pages, is granted. Motion/Application Docket Entry No. 7

//
//
//
//
//
//

DATED: October 7, 2016

_____
Judge, United States Bankruptcy Court

Signature by the attorney constitutes a certification under
Fed. R. of Bankr. P. 9011 that the relief in the order is the relief
granted by the court.

Submitted by:

FOLEY & LARDNER LLP
 (Firm name)

By: /s/ Victor A. Vilaplana
     Attorney for ☒ Movant ☐ Respondent

```
CSD 1001A
4838-9573-2279.5
```

American LegalNet, Inc.
www.USCourtForms.com

`CSD 1001A` [11/15/04] **(Page 2)**

ORDER ON DEBTOR'S MOTION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363

DEBTOR: In re SOTERA WIRELESS, INC., et al.                                    CASE NO: 16-05968-LT11

Upon the motion (the "Motion") of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order, pursuant to section 363 of the Bankruptcy Code, authorizing the Debtors to use Cash Collateral necessary for the Debtors to operate their business, as set forth in greater detail in the Motion [Dkt. No. 7]; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estate, its creditors, and all other parties in interest and a valid exercise of the Debtors' business judgment; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and no other or further notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having considered the Motion, all pleadings and papers filed in connection with the Motion and the Memorandum of Points and Authorities filed in support thereof, the limited objections to the Motion filed by Silicon Valley Bank and Oxford Finance, LLC (the "Prepetition Lenders," together with the Debtors, the "Parties") [Dkt. No. 24] and the Acting United States Trustee [Dkt. No. 23], the arguments of counsel and evidence proffered at the hearing on the Motion on October 4 at 3:00 p.m. (the "October 4 Hearing"); after due deliberation and sufficient cause appearing therefor, IT IS HEREBY FOUND, AND CONCLUDED that:

A.     On September 30, 2016 (the "Petition Date"), the Debtors filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Debtors are continuing in possession of their property, and operating and managing their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered.

B.     The Debtors provided notice of the Motion and the continued hearings on this Motion to: (a) the Office of the United States Trustee for the Southern District of California (b) all purported secured parties, including the Prepetition Lenders; (c) the creditors listed on each of the Debtors' lists of twenty largest unsecured creditors; and (d) any parties requesting special notice in accordance with Bankruptcy Rule 2002. Such notice constitutes due and appropriate notice under the circumstances and complies with all applicable Bankruptcy Rules, including Rule 4001(c), and all applicable local rules. No further notice of the relief sought is necessary or required.

C.     The relief requested by the Motion is necessary to avoid harm to the Debtors' estates, and good, adequate, and sufficient cause has been shown to justify the granting of the relief requested in the Motion on an interim basis and the entry of this Interim Order.

D.     The Debtors do not have sufficient available resources of working capital and financing to carry on operations without the use of Cash Collateral (as defined below). The Debtors have need for authorization of the use of Cash Collateral (as defined below) to permit, among other things, the Debtors to continue their business operations in an orderly manner, maintain business relationships, and satisfy other working-capital and operational needs.

E.     This Court concludes that entry of this Interim Order is in the best interests of the Debtors' creditors and their estate because its implementation, among other things, will allow for the Debtors to remain in business by providing the working capital necessary to sustain ongoing working-capital requirements and to partially fund the expenses of this chapter 11 case. Absent the entry of this Interim Order, the Debtors' estates would be immediately and irreparably harmed.

F.     The Prepetition Lenders are entitled to adequate protection of their interests in the Cash Collateral, as and to the extent set forth herein

G.     Each of the foregoing findings by this Court will be deemed a finding of fact if and to the full extent that it makes and contains factual findings, and will be deemed a conclusion of law if and to the full extent that it makes and contains legal conclusions.

Based upon the foregoing findings and conclusions, and upon the record made by the Debtors before this Court at the hearing on the Motion, and good and sufficient cause appearing therefor,

ORDER ON DEBTOR'S MOTION TO USE CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363
DEBTOR: In re SOTERA WIRELESS, INC., et al.                    CASE NO: 16-05968-LT11

IT IS HEREBY ORDERED AND ADJUDGED that:

1.     The Motion is granted on an interim basis, subject to the terms and conditions set forth in this Interim Order and the Final Order.

2.     The Debtor is authorized to use Cash Collateral in accordance with the budget attached hereto as Exhibit 1 (the "Budget") during the period of time from the Court's oral ruling on the record at the October 4 Hearing to 5:00 p.m. prevailing Pacific Time on October 11, 2016 (the "Interim Period") unless otherwise agreed by the Prepetition Lenders or ordered by the Court. The Budget shall provide for the payment of quarterly fees as required by the Office of the United States Trustee.

3.     A final hearing on the Motion is set for October 11, 2016 at 2:00 p.m.

4.     The following protections are hereby granted to the Prepetition Lenders and constitute adequate protection pursuant to section 361 of the Bankruptcy Code:

(a) a valid and automatically perfected replacement lien in the Debtors' assets to the same extent, validity, and priority of the Prepetition Liens in the Prepetition Collateral (the "Replacement Lien");

(b) a valid and automatically perfected additional lien in the Debtors' "Intellectual Property," as such term is defined in the Amended and Restated Loan and Security Agreement between the Parties dated as of September 12, 2014, only in an amount equal to the total diminution in the value of the Cash Collateral over the Interim Period (the "IP Lien," together with the Replacement Lien, the "Interim Adequate Protection Liens"); and

(c) an allowed superpriority claim pursuant to section 507(b) of the Bankruptcy Code to the extent that the Prepetition Lenders have an allowable claim under section 507(a)(2) of the Bankruptcy Code notwithstanding the Interim Adequate Protection Liens granted in this Interim Order.

5.     This Court shall retain jurisdiction to enforce this Interim Order and over any matters or disputes arising from or relating to the implementation of this Interim Order.

6.     Bankruptcy Rule 6003(b) is satisfied and relief is proper because the relief described in this Interim Order is necessary to avoid immediate and irreparable harm to the estate.

7.     The stay of this Interim Order set forth in Bankruptcy Rule 6004 is hereby waived and this Interim Order shall be effective immediately upon its entry.

APPROVED AS TO FORM:
Dated: 10/6/16    By: _/s/ Tracy Farrell_
              Counsel for Silicon Valley Bank
              and Oxford Finance, LLC

Exhibit 1

**Sotera Wireless - Chapter 11 Budget**
*$ thousands*

| | BK filing 9/30/2016 | 10/7/2016 | 10/14/2016 | 10/21/2016 | 10/28/2016 | 11/4/2016 | 11/11/2016 | 11/18/2016 | 11/25/2016 | 12/2/2016 | 12/9/2016 | 12/16/2016 | 12/23/2016 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Receipts** | | | | | | | | | | | | | |
| Customer collections | $ 140 | $ 348 | $ 24 | $ 32 | $ 19 | $ 124 | $ 186 | $ 20 | $ 20 | $ 21 | $ 21 | $ 22 | $ 22 |
| Military contract reimbursements | $ 42 | $ - | $ - | $ - | $ 35 | $ - | $ - | $ - | $ 35 | $ - | $ - | $ - | $ 35 |
| Insurance claims | $ - | $ - | $ - | $ 127 | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Subtotal | $ 182 | $ 348 | $ 24 | $ 159 | $ 54 | $ 124 | $ 186 | $ 20 | $ 55 | $ 21 | $ 21 | $ 22 | $ 57 |
| **Disbursements - Fixed/Semi-Fixed** | | | | | | | | | | | | | |
| Payroll | $ (508) | $ - | $ (477) | $ - | $ (340) | $ - | $ (325) | $ - | $ - | $ (320) | $ - | $ (310) | $ - |
| Retention bonus program | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Principal repayments | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Interest | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Rent/utilities | $ (97) | $ - | $ - | $ - | $ (81) | $ - | $ - | $ - | $ (81) | $ - | $ - | $ - | $ (81) |
| Singapore funding | $ - | $ - | $ (20) | $ - | $ - | $ - | $ (20) | $ - | $ - | $ - | $ (20) | $ - | $ - |
| Subtotal | $ (605) | $ - | $ (497) | $ - | $ (421) | $ - | $ (345) | $ - | $ (81) | $ (320) | $ (20) | $ (310) | $ (81) |
| **Disbursements - Variable** | | | | | | | | | | | | | |
| Legal fees | $ - | $ - | $ - | $ - | $ (8) | $ - | $ - | $ - | $ (8) | $ - | $ - | $ - | $ (8) |
| Inventory buys | $ (52) | $ (119) | $ (87) | $ (25) | $ (25) | $ (25) | $ (25) | $ (25) | $ (25) | $ (25) | $ (25) | $ (25) | $ (25) |
| Extension licenses | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| Outside programmers | $ - | $ - | $ (5) | $ - | $ (5) | $ - | $ (5) | $ - | $ (5) | $ - | $ (5) | $ - | $ (5) |
| Clinical consultants | $ (10) | $ (10) | $ (10) | $ (8) | $ (8) | $ (8) | $ (8) | $ (7) | $ (7) | $ (6) | $ (6) | $ (6) | $ (6) |
| Consultants | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - | $ - |
| T&E | $ (20) | $ (15) | $ (15) | $ (12) | $ (12) | $ (10) | $ (10) | $ (10) | $ (10) | $ (10) | $ (10) | $ (10) | $ (10) |
| Lease payments | $ (12) | $ - | $ - | $ - | $ (12) | $ - | $ - | $ - | $ (12) | $ - | $ - | $ - | $ (12) |
| U.S. Trustee fees | $ - | $ - | $ - | $ - | $ (3) | $ - | $ - | $ - | $ (4) | $ - | $ - | $ - | $ (3) |
| Other | $ - | $ - | $ (13) | $ (13) | $ (13) | $ (13) | $ (13) | $ (13) | $ (13) | $ (13) | $ (13) | $ (13) | $ (14) |
| Subtotal | $ (94) | $ (144) | $ (130) | $ (58) | $ (86) | $ (56) | $ (61) | $ (55) | $ (84) | $ (54) | $ (59) | $ (54) | $ (83) |
| **Net cash (outflow)inflow** | $ (517) | $ 204 | $ (603) | $ 101 | $ (453) | $ 68 | $ (220) | $ (35) | $ (110) | $ (353) | $ (58) | $ (342) | $ (107) |
| Beginning cash | * $ 2,426 | $ 1,909 | $ 2,113 | $ 1,510 | $ 1,611 | $ 1,157 | $ 1,225 | $ 1,006 | $ 971 | $ 861 | $ 508 | $ 450 | $ 108 |
| Ending cash | $ 1,909 | $ 2,113 | $ 1,510 | $ 1,611 | $ 1,157 | $ 1,225 | $ 1,006 | $ 971 | $ 861 | $ 508 | $ 450 | $ 108 | $ 1 |

*-subject to receipt of cut-off bank statements

Exhibit 1

000004