John W. Holcomb (Bar No. 172121)
john.holcomb@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA  92614
Telephone:  949-760-0404
Facsimile:  949-760-9502

Attorney for MASIMO CORPORATION

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>SOTERA WIRELESS, INC.,<br><br>Debtor.<br><br>SOTERA WIRELESS, INC.,<br>Case No. 16-05968-LT11<br><br>SOTERA RESEARCH, INC.,<br>Case No. 16-05969-LT11 | Lead Case No. 16-05968-LT11<br><br>RS No.: JWH-1<br><br>Chapter 11<br><br>(Jointly Administered)<br><br>**DECLARATION OF JOHN W. HOLCOMB IN SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)** |
|---|---|

I, John W. Holcomb, hereby declare and state as follows:

1. I am an attorney with the law firm of Knobbe, Martens, Olson & Bear, LLP, and I am licensed to practice law in the State of California. I am counsel of record for Creditor Masimo Corporation ("Masimo") in the above-captioned bankruptcy case. I have personal knowledge of the matters set forth herein, and, if I am called upon to testify, I could and would testify competently thereto. I submit this Declaration in support of Masimo's Motion for Relief from Automatic Stay Pursuant to 11 U.S.C. § 362(d).

2. On May 10, 2013, Masimo filed a Complaint in Orange County Superior Court against Sotera Wireless, Inc. ("Sotera"), James Welch, and David Hunt (the "State Court Defendants"). That case is captioned as *Masimo Corp. v. Sotera Wireless, Inc.,* et al., Orange County Superior Court Case No. 30-2013-00649172-CU-IP-CJC (the "State Court Action"). I am counsel of record for Masimo in the State Court Action.

3. In its Complaint, Masimo asserted causes of action, among other things, for misappropriation of Masimo's trade secrets against all three defendants and for breach of contract against Welch and Hunt. Masimo also alleged that the State Court Defendants committed misappropriation by using both Masimo's confidential customer information and its proprietary product plans, engineering documents, and other technical information. A true and correct copy of Masimo's Complaint is attached hereto as Exhibit 1.

4. On December 16, 2013, Masimo filed an Amended Complaint in which it asserted the same causes of action for trade secret misappropriation against all three defendants and for breach of contract against Welch and Hunt. A true and correct copy of Masimo's Amended Complaint is attached hereto as Exhibit 2.

5. During the course of the State Court Action, Masimo discovered that during the last few weeks that Hunt worked at Masimo, he sent emails

-1-

containing Masimo's trade secret information from his Masimo email account to his personal email account, and he then forwarded those emails to his Sotera email account.

6. The State Court Action was originally set for trial on June 2, 2014. However, state court continued the trial date three times to allow the parties to conduct discovery. Specifically, Masimo and the State Court Defendants stipulated to the first continuance on January 13, 2014. At that time, a continuance was necessary (as all parties agreed) because the State Court Defendants had not yet filed Answers to Masimo's Amended Complaint. A true and correct copy of the state court's January 15, 2014, Order Granting Stipulated *Ex Parte* Application to Continue Trial Date is attached hereto as Exhibit 3.

7. In the State Court Action, as part of proving its trade secret misappropriation case under California law, on July 26, 2013, Masimo served its Identification of Trade Secrets Pursuant to Cal. Civ. Proc. Code § 2019.210 (the "Identification"). Masimo also served amended Identifications on December 17, 2013, and again on May 12, 2014. During discovery, State Court Defendants repeatedly challenged the sufficiency of the particularity of Masimo's Identification. In deciding these challenges, the state court reviewed and became familiar with Masimo's trade secrets. On March 14, 2014, the state court determined that Masimo complied with its obligations to identify its trade secrets with reasonable particularity. A true and correct copy of the state court's March 14, 2014, Minute Order containing that finding is attached hereto as Exhibit 4.

8. The state court granted a second continuance of the trial date on September 4, 2014, in response to Masimo's "Unopposed *Ex Parte* Application to Continue Trial Date." At that time, a continuance was necessary (as all parties again agreed) because Masimo had been unable to conduct discovery,

-2-

despite its diligent efforts, due to multiple discovery disputes with the State Court Defendants. A true and correct copy of the state court's September 4, 2014, Order Granting Stipulated *Ex Parte* Application to Continue Trial Date is attached hereto as Exhibit 5.

9. On May 13, 2014, Masimo served its First Set of Requests for Production ("RFPs") on Sotera. Masimo's Request for Production No. 48 sought "The complete source code for ViSi Mobile." On July 8, 2014, Sotera served its written responses to Masimo's RFPs, in which it stated that "Sotera is willing to meet and confer with Plaintiff to discuss the scope and relevance (if any) of this request." After the parties met and conferred, Sotera was unwilling to produce its source code.

10. On November 21, 2014, Masimo filed a motion with the state court in which it sought, among other relief, an order compelling Sotera to produce its source code. On February 20, 2015, the state court granted that portion of Masimo's motion and ordered Sotera to produce its source code. A true and correct copy of the February 23, 2015, Notice of Ruling on Motion of Plaintiff Masimo Corporation to Compel Defendants to Provide Further Responses to First Set of Request for Inspection and Production of Documents is attached hereto as Exhibit 6.

11. Dissatisfied with the state court's order on Masimo's motion to compel, Sotera filed an *ex parte* application with the state court on February 27, 2015, to modify the order and to stay enforcement of the order while Sotera sought a writ from the appellate court. The state court denied Sotera's *ex parte* application. A true and correct copy of the state court's March 2, 2015, Minute Order containing that ruling is attached hereto as Exhibit 7.

12. On March 23, 2015, Sotera filed a Petition for Writ of Mandate with the Court of Appeal, through which Sotera sought to stay the enforcement of the state court's February 20, 2015 Order. On April 9, 2015, the appellate

-3-

court denied the writ. A true and correct copy of the appellate court's April 9, 2015, Order containing that ruling is attached hereto as Exhibit 8.

13. Despite the state court and the appellate court's orders, Sotera did not produce a complete version of its source code. The state court granted a third continuance of the trial date on June 1, 2015, in response to Masimo's "Unopposed *Ex Parte* Application to Continue Trial Date." At that time, a continuance was necessary (as all parties once again agreed) to permit Masimo to prosecute its second motion to compel Sotera to produce its source code. A true and correct copy of the state court's June 1, 2015, Order Granting Stipulated *Ex Parte* Application to Continue Trial Date is attached hereto as Exhibit 9.

14. On May 13, 2015, Masimo filed its second motion to compel Sotera to produce its source code and to comply with the state court's February 20, 2015, order. In this motion, Masimo also requested that the state court sanction Sotera for failing to comply with the court's earlier order. Masimo requested $11,132 in monetary sanctions. On August 27, 2015, the state court ordered Sotera to produce its source code for a second time. In that order, the state court found that Sotera was "in direct violation of this court's 02/20/15 order that further responses be served without ***any*** objections" (emphasis in original) and that Sotera "engaged in the misuse of discovery." The state court also sanctioned Sotera $11,132 for violating its previous order. A true and correct copy of the state court's August 27, 2015, Minute Order containing those rulings is attached hereto as Exhibit 10.

15. Despite the state court's orders, when Sotera finally provided Masimo with access to Sotera's source code, Masimo found that Sotera had intentionally removed the comments and had produced this adulterated version of the code to Masimo. A true and correct copy of a redacted email chain, culminating in an email from me to Kraig Jennett (then counsel of record for

-4-

State Court Defendants in the State Court Action and presently counsel of record for Sotera) on February 17, 2016, is attached hereto as Exhibit 11. Each and every statement of fact set forth in my emails within that email chain is true.

16. Thereafter, Masimo repeatedly raised additional concerns about the inadequacy of Sotera's production of its source code. In response, in July 2016 Masimo's counsel finally began Masimo's review and investigation of what Sotera now represents are the entire, unaltered versions of its source code.

17. On July 28, 2016, Masimo took the deposition of Sotera's former Chief Technology Officer, Jim Moon. During that deposition, Masimo learned that Sotera withheld from its production in discovery source code meeting minutes that are also responsive to Masimo's requests for production. Masimo immediately demanded access to Sotera's source code meeting minutes. A true and correct copy of an email chain culminating in an email from Alan Laquer (who is also counsel of record for Masimo in the State Court Action) to Ian Shapiro (who is counsel of record for Sotera in the State Court Action) on August 1, 2016, is attached hereto as Exhibit 12. I am informed and believe that each and every statement of fact set forth in Mr. Laquer's August 1, 2016, email is true.

18. After Masimo made repeated requests for Sotera's source code meeting minutes, Sotera finally produced them to Masimo on August 22, 2016. Sotera's source code meeting minutes contain critical information regarding the timing of Sotera's changes to its source code and notes including the identity of the individuals who were involved in the changes. Thus, within only the last two months has Masimo been able to conduct a thorough investigation and analysis of Sotera's source code and source code meeting minutes.

19. After reviewing Sotera's source code and meeting minutes, Masimo confirmed that Sotera used Masimo's trade secrets. Masimo explained its contentions concerning the State Court Defendants' used-based

-5-

misappropriation of Masimo's technical trade secrets in supplemental interrogatory answers that Masimo served in the State Court Action on September 30, 2016. Subject to ensuring compliance with the state court's Protective Order, and after this Court enters an order permitting Masimo to file its confidential and proprietary information under seal, Masimo is happy to share those supplemental interrogatory answers with this Court.

20. On January 5, 2016, Masimo was served with a federal grand jury subpoena (the "Subpoena"), which directed Masimo to produce all documents and things that the State Court Defendants produced to Masimo in the State Court Action. The Subpoena revealed that Welch and Hunt are the targets of a federal criminal investigation related to Masimo's underlying cause of action for trade secret misappropriation in the State Court Action. The Assistant U.S. Attorney's cover letter accompanying the Subpoena requested that Masimo keep the existence of the Subpoena secret. True and correct copies of the Subpoena and the accompanying cover letter are attached hereto as Exhibit 13. In view of the confidentiality obligations imposed on Masimo by the state court's Protective Order, Masimo did not immediately comply with the Subpoena.

21. On February 24, 2016, the government lifted its secrecy request regarding the Subpoena. The next day, Masimo notified the State Court Defendants of the existence of the Subpoena. A true and correct copy of the letter (without its enclosure) that I transmitted to Seth Rafkin (who was then counsel of record for the State Court Defendants in the State Court Action) on February 25, 2016, that provides that notice is attached hereto as Exhibit 14. Each and every statement of fact set forth in my February 25, 2016, letter is true.

22. On March 7, 2016, the State Court Defendants filed an *ex parte* application in the state court for a 90-day stay of the State Court Action. Immediately before the hearing on the State Court Defendants' application, the

-6-

parties reached an agreement to stay the State Court Action for 45 days. The state court approved that stay on March 8, 2016. A true and correct copy of the March 8, 2016, Minute Order containing that ruling is attached hereto as Exhibit 15.

23. On April 19, 2016, the State Court Defendants filed motions to extend the stay for the duration of the criminal investigation. In their motions, the State Court Defendants stated that the stay was necessary to prevent Welch, Hunt, and Sotera employees from having to decide between protecting their Fifth Amendment rights against self-incrimination or defending the civil state court case. During the June 17, 2016, hearing on those motions, the state court stated that Welch and Hunt had likely waived any Fifth Amendment rights during their depositions. A true and correct copy of the transcript of that June 17, 2016, hearing is attached hereto as Exhibit 16 (*see* 12:21-13:3). The state court declined to extend the stay and ordered the case to trial on the previously scheduled date, September 12, 2016. A true and correct copy of the June 17, 2016, Minute Order containing that ruling is attached hereto as Exhibit 17.

24. On August 15, 2016, counsel for Hunt, Thomas Bienert, filed an *ex parte* application in the State Court Action requesting a fourth continuance of the trial in view of his alleged scheduling conflict. The state court granted the continuance and moved the trial from September 12, 2016, to November 7, 2016. A true and correct copy of the August 16, 2016, Minute Order containing that ruling is attached hereto as Exhibit 18.

25. After the state court entered that order, Masimo learned that Mr. Bienert was not candid with the state court in obtaining that continuance of the trial date. On August 26, 2016, I transmitted a letter to Mr. Bienert, informing him of his lack of candor with the state court and of his ethical obligation to correct the record. A true and correct copy of my August 26,

-7-

2016, letter (including its enclosures) to Mr. Bienert is attached hereto as Exhibit 19. Each and every statement of fact set forth in my August 26, 2016, letter is true.

26. Mr. Bienert responded to my letter on August 29, 2016. A true and correct copy of Mr. Bienert's August 29, 2016, letter is attached hereto as Exhibit 20.

27. I replied to Mr. Bienert's letter on August 30, 2016, explaining that his accusations against me were baseless and reminding him again of his obligation to correct the record before the court. A true and correct copy of my August 30, 2016, letter to Mr. Bienert is attached hereto as Exhibit 21. Each and every statement of fact set forth in my August 30, 2016, letter is true.

28. Masimo raised the issue Mr. Bienert's lack of candor with the state court in Masimo's October 4, 2016, opposition to Hunt and Welch's *ex parte* applications seeking, among other relief, to stay the State Court Action for 120 days. A hearing in the state court on those applications is set for October 17, 2016.

29. Attached hereto as Exhibit 22 is what I am informed and believe to be a true and correct copy of the transcript of the hearing in the above-captioned bankruptcy case on October 4, 2016, on Sotera's first day motions.

30. On October 7, 2016, Masimo commenced an adversary proceeding against Sotera in this bankruptcy case by filing an Adversary Complaint for Trade Secret Misappropriation under California and Federal Law. That adversary proceeding is captioned as *Masimo Corp. v. Sotera Wireless, Inc.*,

/ / /
/ / /
/ / /
/ / /

-8-

1. Adversary Case No. 16-90154-LT (Bankr. S.D. Cal.). A true and correct copy of that Adversary Complaint is attached hereto as Exhibit 23.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of October, 2016, in Irvine, California.

*/s/ John W. Holcomb*
John W. Holcomb

24414955
101616

-9-